IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| TRINA CORMACK, M.D. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-460 |
| | § | |
| SGT. GILBERT L. GOMEZ, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim upon which relief can be granted filed on behalf of Defendants Gilbert L. Gomez and John Owens.  The motion seeks dismissal of certain claims asserted by Plaintiff, Trina Cormack, in her First Amended Complaint.

A Motion to Dismiss for failure to state a claim upon which relief can be granted is viewed with disfavor and rarely granted.  Lowrey v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997)   Analysis of a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires this Court to accept Plaintiff's allegations as true and view them in the light most favorable to her.  Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)   The Court has done so, however, it will recite only those facts necessary for the resolution of the instant motion.

If, as Defendants allege, Cormack is asserting a Fourteenth Amendment substantive due process claim based upon her arrest, any such claim is **DISMISSED**.   Allegations of unconstitutional arrest must be analyzed under the Fourth Amendment.  See Blackwell v. Barton, 34 F.3d 298, 302 (5th Cir. 1994)

Insofar as the Defendants' Motion seeks dismissal of Cormack's Fourth Amendment claim of unlawful arrest against Defendant Owens, it is **DENIED**.  In her Amended Complaint, Cormack

now alleges that Owens actually arrested her without probable cause at the request of Defendant Gomez.  If Owens actually participated in an unlawful arrest of Cormack he may lack qualified immunity an share liability with Gomez.

Insofar as the Defendants' Motion seeks dismissal of the equal protection claims asserted against them, it is **DENIED**.  The Court agrees with the Defendants that mere conclusory allegations of racial discrimination based only on a personal belief that the Defendants were motivated by an impermissible animus, is insufficient to state an equal protection violation. Burns-Toole v. Byrne, 11 F.3d 1270, 1274 (5th Cir. 1994)   But, Cormack has alleged more:  she claims that Gomez' attitude toward her changed when he learned she was accusing an Hispanic[1] of theft and that she, not the thief, was arrested.  The Defendants concede that development of the factual record will be needed to address the validity of Cormack's false arrest claims against Gomez which will, in turn, address the merits, if any, of the equal protection claim against him.  In light of this Court's ruling as to Owens' possible participation in the arrest, that factual development could well flesh out any equal protection claim asserted against him as well.  The Court, therefore, sees no reason to dismiss these claims now; they can be more appropriately and adequately addressed in a Motion for Summary Judgment.

For the foregoing reasons, the Defendants' Motion to Dismiss (Instrument no. 7) is **GRANTED in part and DENIED in part**.

**DONE** at Galveston, Texas, this _____2nd_____ day of March, 2006.

_____
John R. Froeschner
United States Magistrate Judge

---

[1]     Cormack's race is never identified, but the Court assumes that she is not Hispanic.

2